UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pingyang Wanwei E-commerce Co., Ltd. , <br><br> *Plaintiff*, <br><br> v. <br><br> John Doe. <br><br> *Defendant*. | CASE NO. <br><br> Judge: <br><br> Magistrate Judge: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Pingyang Wanwei E-commerce Co., Ltd ("Wanwei" or "Plaintiff"), for its Complaint against Defendant John Doe ("Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment that one United States patent is not enforceable and invalid pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C.§ 100 *et seq*., and for such other relief as the Court deems just and proper.

2. This action arises from Defendant's filing of fraudulent patent infringement complaint to Amazon, causing Amazon to de-list Plaintiff's good selling product from the market.

**THE PARTIES**

3. Plaintiff Pingyang Wanwei E-commerce Co., Ltd. is a limited liability company established and operating under the laws of the People's Republic of China, with its main office located at 97 Yanxi Road, Fengwo Bay Village, Fengwo Town, Pingyang County, Wenzhou

City, Zhejiang Province, 325800, China. The Plaintiff conducts business activities within this District primarily through the online marketplace Amazon, utilizing Store ID ATVPDKIKX0DER

4. Defendant John Doe is intentionally hiding its identity, the current identity of the Defendant is unknown. On information and belief, Defendant is also an Amazon seller has its principal place of business in China. Plaintiff will Amend the Complaint once the identity of the Defendant is later confirmed.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. This Court has personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce and have wrongfully accused Plaintiff of infringement in the United States, including Illinois.

7. An actual case or controversy exists between the parties to this action. Defendant filed the patent infringement complaint to Amazon which resulted in the removal of Plaintiff's Amazon product listing. Product delisting from Amazon has stopped Plaintiff's product sales on

Amazon and caused significant financial loss. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq

## FACTS

8. Plaintiff owns and operates an Amazon store Pingyang Wanwei E-commerce Co., selling all kinds of kitchenware, such as spray bottles, pepper shakers, soap dispensers, etc.

9. On April 24, 2024, Plaintiff's store received an email from Amazon. *See* Exhibit A. This email informed Plaintiff that one of its products (ASIN B0C6WSWTQK) infringed someone's Patent. In that email, Amazon provided Plaintiff with the Rights Owner's contact details: patentlegal, patentlegal@protonmail.com. ASIN B0C6WSWTQK was taken down by Amazon.



10. The anonymous complainant used US Design Patent No. D1,004,430 ("'430 Patent"), which pertains to an ornamental design for a lid. *See* Exhibit B.

11. The filing date for the '430 Patent was August 9, 2021.

12. However, a product identical to the '430 design has been available for sale online since June 25, 2018. The following screenshots displays an Amazon customer review, wherein a clear image of the bottle lid is showcased. Even the number and the arrangement of the holes is identical.[1]






---

[1] https://www.amazon.com/gp/customer-reviews/R3UM2UGN79ZGZF/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01NCLWU1G

## COUNT I
**(Declaration Judgment of Invalidity of U.S. Patent, No. D1,004,430)**

13. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

14. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

15. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '430 Patent due to the assertion of the '430 Patent against the Plaintiff's bottle lid.

16. As shown above, the design of the '430 Patent was available to the public and on sale before the filing date of the '430 Patent. Therefore, the '430 Patent is invalid.

17. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the '430 Patent is invalid under at least 35 U.S.C. §§ 102 and 103.

## COUNT II
**(Declaration Judgment of Non-infringement of U.S. Patent, No. D1,004,430)**

18. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

19. As described previously, Defendant alleges that Plaintiff's bottle lid infringes the '430 Patent.

20. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21. Plaintiff's bottle lid does not infringe the '430 Patent based on the prior arts listed above.

22. Plaintiff seeks a declaratory judgment that Plaintiff is not infringing, has not infringed and is not liable for infringing the '430 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims.

2. Declaring that Defendant's D1,004,430 Patent registration is invalid.

3. Declaring that Plaintiff's product does not infringe Defendant's D1,004,430 Patent.

4. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

5. Order by this Court that Defendant must immediately revoke any complaints of infringement of the D1,004,430 Patent made to Amazon with respect to Plaintiff's ASIN B0C6WSWTQK.

6. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the D1,004,430 Patent against Plaintiff's product.

7. Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

8. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

9. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

10. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

11. Awarding pre- and post- judgment interest.

12. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: May 15, 2024 | /s/ Ruoting Men |
| | Ruoting Men, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Ave, Suite 2529 |
| | New York, NY 10010 |
| | Ruoting.men@glacier.law |
| | 332-261-8227 |
| | ***Attorney for Plaintiff*** |